1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CORDELL ANDERSON,                    1:12-cv-00719 MJS (HC)

12             Petitioner,                ORDER TRANSFERRING CASE TO THE
                                          UNITED STATES DISTRICT COURT FOR
13        v.                              THE CENTRAL DISTRICT OF
                                          CALIFORNIA
14   TAMPKINS, Warden,

15             Respondent.

16   _____/

17

18        Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action

19   pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant

20   to 28 U.S.C. § 1915 and a motion to appoint counsel.

21        The federal venue statute requires that a civil action, other than one based on diversity

22   jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all

23   defendants reside in the same state, (2) a judicial district in which a substantial part of the

24   events or omissions giving rise to the claim occurred, or a substantial part of the property that

25   is the subject of the action is situated, or  (3) a judicial district in which any defendant may be

26   found, if there is no district in which the action may otherwise be brought." 28 U.S.C.  §

27   1391(b).

28        However, venue for a habeas action is proper in either the district of confinement or the

-1-

district of conviction.  28 U.S.C. § 2241(d).  The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination. Id.

It is preferable for petitions challenging a conviction or sentence to be heard in the district of conviction while petitions challenging the manner in which the sentence is being executed be heard in the district of confinement.  Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).  In this case, Petitioner is challenging a disciplinary proceeding while incarcerated in Corcoran, California. Corcoran is located in the Eastern District of California. Prior to filing his federal petition for writ of habeas corpus, Petitioner was transferred to the California Rehabilitation Center, in Norco, California. Norco is located in the Central District of California. Furthermore, Petitioner was convicted of his underlying offense in Riverside County, California. As Riverside County is located in the Central District of California, the Central District of California is both the district of confinement and the district of conviction.[1] In the interest of justice, the petition will be transferred to the United States District Court for the Central District of California. 28 U.S.C. §§ 1404(a) and 2241(d).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Cental District of California.

IT IS SO ORDERED.

Dated:    June 13, 2012         _____/s/ Michael J. Seng_____
                                UNITED STATES MAGISTRATE JUDGE

---

[1] It is unclear whether a prison disciplinary violation can serve as a conviction and basis for federal habeas corpus jurisdiction. Even though the events giving rise to  the underlying  disciplinary violation occurred in the Eastern District of California, it is questionable whether jurisdiction in the district is proper.